UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONAH MOORE,

        Plaintiff,                         Case Number: 2:10-CV-13051

v.                                               HON. ARTHUR J. TARNOW

PATRICIA L. CARUSO, et al.,

        Defendants.
                                    /

## **ORDER OF PARTIAL DISMISSAL AND TRANSFER**

This is a civil rights case filed under 42 U.S.C. § 1983. Plaintiff Jonah Moore, presently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, is proceeding without prepayment of the filing fee for this action, pursuant to 28 U.S.C. § 1915(a)(1). The Court dismisses the claims against the Michigan Department of Corrections, under 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1404(a), this Court transfers the remainder of Plaintiff's complaint to the United States District Court for the Western District of Michigan.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such complaints "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." *Mullins v. Smith*, 14 F. Supp. 2d 1009, 1011 (E.D. Mich. 1998). Even holding Plaintiff's complaint to the less stringent standard applicable to *pro se* complaints, Plaintiff fails to state a claim upon which relief may be granted against the Michigan Department of Corrections ("MDOC").

The MDOC is not a "person" who may be sued under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Therefore, Plaintiff has failed to state a claim upon which relief may be granted with respect to the MDOC and the Court will dismiss Plaintiff's claims against the MDOC.

Venue is appropriate in the judicial district where either all defendants reside or where the claims arose. 28 U.S.C. § 1391(b); *Al-Muhaymin v. Jones*, 895 F.2d 1147 (6th Cir. 1990). The remaining defendants in this matter are all located in the Western District of Michigan. Plaintiff complains of events that took place in the Western District of Michigan. The defendants reside and the claims arose in the Western District of Michigan. *See id.* Therefore,

venue is not appropriate in this district.

Accordingly, Plaintiff's claims against the Michigan Department of Corrections are **DISMISSED**.

Further, the Court transfers Plaintiff's case to the United States District Court for the Western District of Michigan, Southern Division and **ORDERS** the Clerk of the Court to transfer the Court file to the Western District of Michigan, Southern Division.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 26, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 26, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

3